**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

|  |  |  |
|---|---|---|
|  | : | **MDL DOCKET NO. 4:03-CV-1507-WRW** |
| IN RE: | : |  |
| PREMPRO PRODUCTS LIABILITY | : |  |
| LITIGATION | : | **CASES IN EXHIBIT A** |

**AMENDED MDL PRETRIAL ORDER FOR REMANDED CASES and
SECOND SUGGESTION OF REMAND**[1]

To assist transferor courts following remand of the cases listed in Exhibits A, this MDL Pretrial Order describes the events that have taken place to date in MDL 1507. A copy of this MDL Pretrial Order, along with the case files and materials, will be available to the transferor courts.

**I.   INTRODUCTION**

On March 4, 2003, the Judicial Panel for Multidistrict Litigation ("JPML" or "Panel") designated this Court as the transferee court for all individual, class action, and other federal cases arising out of the sale or use of prescription hormone therapy medications.[2]

I entered an Initial Order on April 8, 2003, requesting comments from the parties about the content of a proposed Practice and Procedure Order, and providing for an initial status conference.[3] Based on the parties' assertions, I am satisfied that MDL 1507 has matured sufficiently to warrant remand of the cases listed in Exhibit A. Accordingly, I will submit this Suggestion of Remand to the JPML to facilitate the prompt remand of the designated cases (those in Exhibits A) by the JPML to transferor courts for further proceedings, including

---

[1]This amended order is necessary to add the paragraph referencing the *Wilson* case on page 5. It was inadvertently left out of the original order.

[2]Doc. No. 1.

[3]Doc. No. 2.

1

additional discovery, pre-trial motions practice, and final disposition. This MDL Pretrial Order, along with any supplements and amendments, is designated as the Final Pretrial Order in all cases in Exhibit A for which the Panel issues an Order for Remand.

## II.  BACKGROUND[4]

### A.  Practice and Procedure Orders

The primary orders governing the pretrial management of MDL 1507 are a series of Practice and Procedure Orders ("PPO"), along with certain amendments. These Orders are discussed in detail below in the section on "Discovery."

### B.  Lead and Liaison Counsel

PPO-1, entered on June 10, 2003, appointed Lead and Liaison Counsel for Plaintiffs and Defendants to manage the litigation on behalf of the parties, and set out the responsibilities of Lead and Liaison Counsel.[5] Plaintiffs' Lead and Liaison Counsel have changed hands since the inception of the MDL. Ms. Zoe Littlepage, of Littlepage Booth in Houston, Texas, is now Lead Counsel, and Mr. Ralph Cloar, of Little Rock, Arkansas, is Liaison Counsel. Mr. John L. Vardaman, Mr. Stephen L. Urbanczyk, and Mr. F. Lane Heard, all of Williams & Connolly in Washington, D.C., remain Defendants' Lead Counsel. Ms. Lyn Pruitt, of Mitchell, Williams, Selig, Gates & Woodyard, PLLC in Little Rock, Arkansas, is still Defendants' Liaison Counsel.

### C.  Plaintiffs' Steering Committee

PPO-1 also directed the selection and appointment of a Plaintiffs' Steering Committee ("PSC") to assist in the coordination of pretrial activities and trial planning. The PSC assists all Plaintiffs in MDL 1507 by overseeing discovery (including conducting discovery of each

---

[4]All references to docket numbers are to the general docket for MDL 1507 (4:03-CV-01507-WRW), unless otherwise specified.

[5]Doc. No. 15.

2

Defendant), communicating with other Plaintiffs' lawyers, appearing before this Court, attending status conferences, and preparing motions and responses regarding case-wide discovery matters. The PSC acts on behalf of, or in consultation with, Plaintiffs' Lead Counsel in the management of the litigation. Both Plaintiffs' Lead and Liaison Counsel are members of the PSC.[6] The configuration of the PSC has changed during the course of the litigation.[7]

### D. Status Conferences

Since the inception of MDL 1507, I have held regular (typically once a month) status conferences with Lead and Liaison counsel to discuss issues related to the litigation. There have also been numerous additional conferences to consider special matters.

### E. Common Benefit Fund

PPO-5 and PPO-6, entered on March 30, 2005, set guidelines for costs and attorneys' fees incurred by members of the PSC and other individuals working for the common benefit of Plaintiffs in MDL 1507.[8] PPO-5 set out specific guidelines for the reporting of time and expenses on case-wide work. PPO-6 established a "Plaintiffs' Personal Injury Litigation Expense Fund" ("Fund") to be financed by money received through settlement of individual claims or satisfaction of judgments. The Fund allows reimbursement of costs and fees to authorized attorneys handling business on behalf of all Plaintiffs. To date, no money has been disbursed from the Fund.

---

[6] See PPO-1 at 9 (Doc. No. 15).

[7] The current members of the PSC are Mr. Ralph Cloar (Arkansas); Mr. Robert Jenner (Maryland); Mr. Shawn Khorrami (California); Mr. Chris Kirchmer (Texas); Mr. Irwin Levin (Indiana); Mr. Richard Lewis (Washington, D.C.); Mr. Tobias Millrood (Pennsylvania); Mr. James Morris (Texas); Mr. Ken Suggs (South Carolina); and Mr. Mike Williams (Oregon).

[8] Doc. Nos. 569, 570.

**F.     Bellwether Trials**

On June 20, 2005, I entered an Order providing for the selection of 15 Plaintiffs who would be subject to individual case discovery and eligible to be part of the bellwether process. From that group, Plaintiffs were selected for individual "bellwether" trials.  To date, I have presided over four bellwether trials:  *Reeves v. Wyeth*;[9] *Rush v. Wyeth*;[10] *Scroggin v. Wyeth*,[11] and *Wilson v. Wyeth*.[12]  A fifth bellwether trial, which involves short-term use of HRT, is set for trial on February 1, 2011.

       **1.     *Reeves v. Wyeth***

The first bellwether trial, *Reeves*, resulted in a jury verdict in favor of Wyeth (the only defendant).  Plaintiff's motion for post-trial relief was denied.  Plaintiff did not appeal.

       **2.     *Rush v. Wyeth***

The second bellwether trial, *Rush*, resulted in a jury verdict in favor of Wyeth (the only defendant).  Plaintiff's motion for post-trial relief was denied.  The United States Court of Appeals for the Eighth Circuit affirmed the jury verdict in favor of Wyeth.[13]

       **3.     *Scroggin v. Wyeth***

The third bellwether trial, *Scroggin*, resulted in a verdict against both Defendants, Wyeth and Upjohn, in the amount of $2,750,000.00 in compensatory damages. The jury awarded punitive damages against Wyeth in the amount of $19,360,000.00 and against Upjohn in the

---

[9]Case No. 4:05-CV-00163-WRW.

[10]Case No. 4:05-CV-00497-WRW.

[11]Case No. 4:04-CV-01169-WRW.

[12]Case No. 3:05-CV-00078-WRW.

[13]*Rush v. Wyeth*, 514 F.3d 825 (8th Cir. 2008).

amount of $7,760,000.00. I denied Defendants' motion for post-trial relief on compensatory damages, but granted judgment as a matter of law or, alternatively, a new trial to both Defendants on punitive damages.[14] The parties appealed. The United States Court of Appeals for the Eighth Circuit affirmed the judgment for compensatory damages in favor of Plaintiff and affirmed judgment as a matter of law in favor of Upjohn on punitive damages. However, the court reversed the judgment in favor of Wyeth on punitive damages, and granted the alternative order of a new trial regarding punitive damages. The parties resolved the punitive damages issue before the retrial.

        **4.**      *Wilson v. Wyeth*

The fourth bellwether trial, *Wilson*, resulted in a jury verdict in favor of Wyeth (the only defendant). Plaintiffs did not appeal.

        **5.**      **Short-Term Use Cases**

A fifth bellwether trial, involving a short-term use (defined by the parties as three years or fewer) Plaintiff is set to commence on February 1, 2011.

**III.   DISCOVERY**

At the outset of the litigation, I had the Clerk of the Court establish a master docket in MDL 1507, which contains motions and orders applicable to all cases. Motions and orders applicable to specific, individual cases were filed in their individual dockets.

I have issued nine PPOs, along with several supplements and amendments, which governed the pretrial discovery in this litigation. They are:

- **PPO-1** articulated general policies and procedures for MDL 1507, in relation to filings, hearings, organization of parties, and applicable local rules.[15]

---

[14]*Scroggin v. Wyeth*, 554 F. Supp. 2d 871 (E.D. Ark. 2008).

[15]Doc. No. 15. PPO-1 was amended on March 15, 2004 (Doc. No. 174).

5

- **PPO-2** set out the guidelines for taking depositions.[16]

- **PPO-3** established a protocol for handling delinquent Plaintiffs' Fact Sheets.[17]

- **PPO-4** set out procedures for *in extremis* depositions.[18]

- **PPO-5 & PPO-6** established guidelines governing common benefit funds.[19]

- **PPO-7** set forth operation and effect of Master Answers to Plaintiffs' Master Complaint.[20]

- **PPO-8** established procedures to dismiss suits for failure to identify the product or Defendants at issue.[21]

- **PPO-9 and amendments** authorized case-specific discovery in certain cases.[22]

A. **Generic Fact Discovery**

1. **Document Discovery**

Plaintiffs have conducted extensive fact discovery against Defendants. Plaintiffs propounded their initial document requests to Defendants in five parts. The parties completed this first wave of discovery in 2006. To facilitate document production and review, Defendants established depositories in Little Rock, Arkansas, and Washington, D.C., where documents were produced, stored, digitized, and reviewed. The two depositories currently contain over 3.1 million documents (constituting nearly 28 million pages) produced by various Defendants,

---

[16]Doc. No. 18.

[17]Doc. No. 494.

[18]Doc. No. 495.

[19]Doc. Nos. 569, 570.

[20]Doc. No. 571.

[21]Doc. No. 840.

[22]Doc. Nos. 1530, 1575, 1914, and 2026.

6

including Wyeth and Upjohn. I also entered orders regarding the confidentiality of documents produced in the litigation and the sharing of costs and expenses associated with document discovery.[23]

On January 27, 2009, I designated September 1, 2009, as the generic discovery cutoff date for claims against Wyeth and Upjohn.[24] The parties have indicated that generic fact discovery as to Wyeth and Upjohn is complete, with one minor exception that can be addressed later, if necessary. Additional generic discovery against Wyeth or Upjohn will be permitted only by agreement of the parties or upon leave of the Court.

The Court retains jurisdiction over all requests to modify previously entered orders concerning document production (other than requests for production relating to a particular plaintiff) and generic depositions,[25] and also retains jurisdiction over requests for relief from the September 1, 2009, Wyeth and Upjohn generic discovery cutoff date.

### 2. Depositions of Generic Fact Witnesses

PPO-2 set out the basic principles governing the taking of depositions. For example, PPO-2 prohibited taking a witnesss deposition more than once, subject to limited exceptions. I also encouraged the cross-noticing of depositions between the MDL proceedings and parallel state court proceedings. For efficiency and federal-state coordination, Defendants generally cross-noticed the depositions of generic witnesses between the MDL proceedings and state court proceedings.

---

[23]See, *e.g.*, Doc. No. 27 (Confidentiality Order) and Doc. No. 199 (Cost Order).

[24]Doc. No. 1952.

[25]See Section III(A)(2).

As part of generic discovery, Plaintiffs deposed more than 100 defense witnesses. This included 64 depositions of Wyeth company witnesses, 12 depositions of Upjohn company witnesses, and 40 depositions -- under Rule 30(b)(6) -- of non-Wyeth Defendants. Any additional depositions of generic fact witnesses against Wyeth or Upjohn will be permitted only with leave of this Court.

**B.     Case-Specific Fact Discovery**

PPO-9 and its amendments set out the basic principles governing individual, case-specific fact discovery.[26]

**1.     Case-Specific Fact Discovery of Plaintiffs**

**a.     Plaintiff Fact Sheets**

An April 13, 2004, Order directed that Plaintiffs, in every case transferred to this MDL, must complete a Plaintiff Fact Sheet ("PFS") and serve it on Defendants' liaison counsel.[27] The Order required Plaintiffs to complete and serve the PFS within 90 days after their conditional transfer order became final.[28]

The PFSs, which were agreed upon by the parties, requested, among other things, information including the nature of the plaintiff's alleged injuries, types of hormone therapy allegedly used, the identity of each of plaintiff's prescribing physician(s), medical history, employment history, educational history, and the identity of potential fact witnesses. The sworn PFS required each plaintiff to verify the accuracy and completeness of the information, and the

---

[26]See Doc. Nos. 1530, 1575, 1914, and 2026.

[27]Doc. No. 201.

[28]Plaintiffs whose cases were already in the MDL had 60 days to serve a completed PFS.

8

plaintiffs' verifications were given the same legal significance as responses to interrogatories or requests for production.

On January 20, 2005, I entered PPO-3 to deal with PFS delinquencies.[29] PPO-3 permitted Defendants to serve a warning letter on any Plaintiff who was delinquent in serving her PFS. If after 14 days of the date of service of the warning letter, the plaintiff still had failed to serve a completed and verified PFS, Defendants could file a PPO-3 Motion to Show Cause why the Court should not order sanctions -- including dismissal -- for failure to provide a PFS.

### b. Depositions[30]

PPO-9 authorized the parties to take depositions of Plaintiffs' prescribing physicians in cases selected for case-specific discovery. Depositions of treating physicians, spouses, other family members, and case-specific experts were also permitted under PPO-9. Later, the parties stipulated that some of these case-specific depositions may be taken after remand.[31] The superceding PPO-9 applies to cases remanded under this Order.

### 2. Case-Specific Fact Discovery of Defendants

Based on PPO-9, Plaintiffs propounded case-specific written discovery, including document requests and interrogatories, on Defendants in each case selected for case-specific discovery.

### 3. *In Extremis* Depositions

PPO-4 established procedures for trial preservation depositions for Plaintiffs who are *in extremis*.[32]

---

[29]Doc. No. 494.

[30]PPO-2 governed the procedures for taking all depositions in the MDL proceedings.

[31]Doc. No. 2026.

[32]Doc. No. 495.

### 4. Product Identification

PPO-8 established a process to dismiss Defendants when a plaintiff could not supply some evidence of product identification.[33] This process became necessary after the Panel determined that this MDL would include all manufacturers of HRT drugs.[34]

## IV. ACTIVITIES COMPLETED BEFORE REMAND

The cases listed in Exhibit A are ripe for remand, since they are PPO-9 cases where Plaintiffs have completed generic discovery from Defendants. Again, these cases should involve only allegations of breast cancer injury against only Defendants Wyeth and Upjohn.

According to the parties, the plaintiff's deposition has been taken in each of these cases, and, in many cases, the prescribing doctor was deposed as well. Although these cases may require additional case-specific depositions, expert designations, case-specific discovery, and pretrial motions, all can be done in the transferor courts.

## V. DOCUMENTS TO BE SENT TO TRANSFEROR COURT

After receiving the Final Remand Order ("FRO") from the JPML, the Clerk of the Court will issue a letter to the transferor courts, via email, setting out the process for transferring the individual cases listed in the FRO. The letter and certified copy of the FRO will be sent to the transferor court's email address.

If a party believes that the docket sheet for a particular case being remanded is not correct, a party to that case may, with notice to all other parties in the case, file with the transferor court a Designation Amending the Record. Upon receiving a Designation Amending the Record, the transferor court may make any needed changes to the docket. If the docket is

---

[33]Doc. No. 840.

[34]Initially, MDL 1507 included only Wyeth as a defendant.

revised to include additional documents, the parties should provide those documents to the transferor court.

## CONCLUSION

This Order does not expand or modify any previous order of the Court, and I may modify or supplement any part of this Order as it appears appropriate.

IT IS SO ORDERED this 13th day of January, 2011.

/s/ Wm. R. Wilson, Jr. _____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

| Arkansas Eastern Case Number | Case Style | Transferor Court | Transferor Case Number |
| --- | --- | --- | --- |
| 4:03-cv-00927-WRW | Byrd, et al v. Wyeth Inc, et al | USDC SD MS | 2:03-cv-104 |
| 4:04-cv-00217-WRW | Whitaker, et al v. Wyeth Inc, et al | USDC ED TX | 6:03-cv-00404 |
| 4:04-cv-00223-WRW | Honeycutt v. Wyeth Inc, et al filed | USDC ED TX | 9:03-cv-00233 |
| 4:04-cv-00224-WRW | Ashlock, et al v. Wyeth Inc, et al | USDC ND TX | 2:03-cv-00239 |
| 4:04-cv-00237-WRW | Gestiada, et al v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03176 |
| 4:04-cv-00241-WRW | Grant, et al v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03189 |
| 4:04-cv-00249-WRW | Tye v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03218 |
| 4:04-cv-00250-WRW | Seipel, et al v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03219 |
| 4:04-cv-00258-WRW | Newton, et al v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03264 |
| 4:04-cv-00265-WRW | Townsend v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03373 |
| 4:04-cv-00268-WRW | Peschka, et al v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03512 |
| 4:04-cv-00270-WRW | Beal, et al v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03722 |
| 4:04-cv-00271-WRW | Bingham, et al v. Wyeth Inc, et al | USDC SD TX | 4:03-cv-03723 |
| 4:04-cv-00729-WRW | Ballard, et al v. Wyeth, et al | USDC ND FL | 3:04-cv-00137 |
| 4:04-cv-00806-WRW | Strode v. Wyeth Inc, et al | USDC CD IL | 1:04-cv-01173 |
| 4:04-cv-00813-WRW | Miller v. Wyeth Inc, et al | USDC ND OH | 1:04-cv-00957 |
| 4:04-cv-00814-WRW | St John-Goodrich v. Wyeth Inc, et al | USDC ND OH | 1:04-cv-00959 |
| 4:04-cv-00820-WRW | Taulker, et al v. Wyeth Inc, et al | USDC ND OH | 3:04-CV-07267 |
| 4:04-cv-00833-WRW | Nicholas v. Pharmacia & Upjohn, et al | USDC MN | 0:04-cv-02962 |
| 4:04-cv-00965-WRW | Bonnano, et al v. Wyeth, et al | USDC ED NC | 5:04-cv-00446 |
| 4:04-cv-00968-WRW | Baldonado, et al v. Wyeth, et al | USDC ND IL | 1:04-cv-04312 |
| 4:04-cv-00998-WRW | Smith, et al v. Wyeth, et al | USDC ED TX | 6:04-cv-00313 |
| 4:04-cv-01036-WRW | Carroll, et al v. Wyeth, et al | USDC ED TX | 1:04-cv-00417 |
| 4:04-cv-01037-WRW | Contreras v. Wyeth, et al | USDC ED TX | 1:04-cv-00418 |
| 4:04-cv-01041-WRW | Kennedy, et al v. Wyeth, et al | USDC ED TX | 1:04-cv-00422 |
| 4:04-cv-01053-WRW | Mohr, et al v. Pharmacia & Upjohn, et al | USDC MN | 0:04-cv-03002 |
| 4:04-cv-01062-WRW | Straube, et al v. Wyeth, et al | USDC MN | 0:04-cv-03106 |
| 4:04-cv-01063-WRW | Fisher v. Wyeth, et al | USDC MN | 0:04-cv-03107 |
| 4:04-cv-01064-WRW | Leibelt, et al v. Wyeth, et al | USDC MN | 0:04-cv-03108 |
| 4:04-cv-01085-WRW | Smith v. Wyeth, et al | USDC MN | 0:04-cv-03168 |
| 4:04-cv-01086-WRW | Harris v. Wyeth, et al | USDC MN | 0:04-cv-03170 |
| 4:04-cv-01088-WRW | Pruitt v. Wyeth Pharmaceutical, et al | USDC MN | 0:04-cv-03139 |
| 4:04-cv-01089-WRW | Taasaas, et al v. Wyeth, et al | USDC ND IL | 1:04-cv-04555 |
| 4:04-cv-01158-WRW | Spurr v. Wyeth Inc | USDC SD IN | 2:04-cv-00186 |
| 4:04-cv-01199-WRW | Lydie, et al v. Wyeth, et al | USDC MN | 0:04-cv-03388 |
| 4:04-cv-01282-WRW | Corso v. Wyeth, et al | USDC CT | 3:04-cv-01259 |
| 4:04-cv-01377-WRW | May, et al v. Wyeth Inc, et al | USDC SD OH | 2:04-cv-00423 |
| 4:04-cv-01379-WRW | King, et al v. Wyeth Inc, et al | USDC ED LA | 2:04-cv-02340 |
| 4:04-cv-01383-WRW | Malik v. Wyeth, et al | USDC ED VA | 1:04-cv-00947 |
| 4:04-cv-01397-WRW | Bell et al v. Wyeth, et al | USDC ED TX | 6:04-cv-00396 |
| 4:04-cv-01386-WRW | Swaggerty v. Wyeth | USDC ED VA | 1:04-cv-00950 |
| 4:04-cv-01401-WRW | Malfitano v. Wyeth, et al | USDC DE | 1:04-cv-00892 |
| 4:04-cv-01403-WRW | Main, et al v. Wyeth, et al | USDC MD | 8:04-cv-02082 |
| 4:04-cv-01404-WRW | Tappan, et al v. Wyeth, et al | USDC MD | 8:04-cv-02709 |
| 4:04-cv-01410-WRW | Davis v. Wyeth Inc, et al | USDC ND TX | 3:04-cv-01523 |

| | | | |
|---|---|---|---|
| 4:04-cv-01440-WRW | Foster v. Wyeth Inc, et al | USDC MN | 0:04-cv-03964 |
| 4:04-cv-01441-WRW | Welch v. Wyeth Inc, et al | USDC MN | 0:04-cv-03973 |
| 4:04-cv-02260-WRW | Sharma, et al v. Wyeth Inc, et al | USDC MD LA | 3:04-cv-00697 |
| 4:04-cv-02261-WRW | Golay, et al v. Wyeth Pharm, et al | USDC WD OK | 5:04-cv-00839 |
| 4:04-cv-02263-WRW | Williams v. Wyeth Inc, et al | USDC ND FL | 4:04-cv-00348 |
| 4:04-cv-02278-WRW | Barefoot, et al v. Wyeth et al | USDC ND AL | 2:04-cv-02466 |
| 4:04-cv-02295-WRW | Sauls v. Wyeth, et al | USDC SC | 9:04-cv-22297 |
| 4:04-cv-02314-WRW | Gibbons, et al v. Wyeth Inc, et al | USDC CT | 3:04-cv-01510 |
| 4:05-cv-00001-WRW | Swingle v. Wyeth Inc, et al | USDC WD MO | 4:04-cv-00784 |
| 4:05-cv-00002-WRW | Case, et al v. Wyeth Inc, et al | USDC WD MO | 4:04-cv-00783 |
| 4:05-cv-00007-WRW | Lemmon, et al v. Wyeth Inc, et al | USDC ED MO | 4:04-cv-01302 |
| 4:05-cv-00008-WRW | Kuball, et al v. Wyeth Inc, et al | USDC MN | 0:04-cv-04639 |
| 4:05-cv-00027-WRW | Giberson, et al v. Wyeth Inc, et al | USDC WD MO | 4:04-cv-00961 |
| 4:05-cv-00042-WRW | Walters, et al v. Wyeth Inc, et al | USDC CD IL | 1:04-cv-01335 |
| 4:05-cv-00050-WRW | McKenzie v. Wyeth Pharmaceutical | USDC WD OK | 5:04-cv-01440 |
| 4:05-cv-00053-WRW | Silva, et al v. Wyeth Inc, et al | USDC CT | 3:04-cv-01614 |
| 4:05-cv-00071-WRW | Hanrahan, et al v. Wyeth Inc, et al | USDC ED MO | 4:04-cv-01255 |
| 4:05-cv-00074-WRW | Land v. Wyeth Inc, et al | USDC MD | 1:04-cv-03071 |
| 4:05-cv-00089-WRW | Waddell, et al v. Wyeth Inc, et al | USDC ED CA | 1:04-cv-06343 |
| 4:05-cv-00114-WRW | Bowles, et al v. Wyeth Inc, et al | USDC ED CA | 1:04-cv-06346 |
| 4:05-cv-00121-WRW | Jimenez v. Wyeth Inc, et al | USDC MD FL | 6:04-cv-01664 |
| 4:05-cv-00132-WRW | Yeauger v. Wyeth Inc, et al | USDC SD OH | 2:04-cv-00400 |
| 4:05-cv-00133-WRW | Albright, et al v. Wyeth Inc, et al | USDC SD OH | 2:04-cv-00514 |
| 4:05-cv-00151-WRW | Carranza v. Wyeth, | USDC ND CA | 5:04-cv-04161 |
| 4:05-cv-00152-WRW | Wankier v. Wyeth, | USDC UT | 2:04-cv-00734 |
| 4:05-cv-00167-WRW | Bryant, et al v. Wyeth, et al | USDC WD WA | 2:04-cv-01706 |
| 4:05-cv-00169-WRW | Bush v. Wyeth Inc, et al, | USDC ND TX | 3:04-cv-02181 |
| 4:05-cv-00174-WRW | Waites, et al v. Wyeth, et al | USDC MD AL | 2:04-cv-01080 |
| 4:05-cv-00182-WRW | McClure, et al v. Wyeth, et al | USDC SC | 3:04-cv-23274 |
| 4:05-cv-00185-WRW | Sheffield v. Wyeth Inc, et al | USDC ND MS | 1:04-cv-00361 |
| 4:05-cv-00191-WRW | Toitch, et al v. Wyeth Inc, et al | USDC N/D OH | 3:04-cv-07708 |
| 4:05-cv-00193-WRW | Gornor, et al v. Wyeth Inc, et al | USDC M/D LA | 3:04-cv-00273 |
| 4:05-cv-00194-WRW | Bonnett v. Wyeth | USDC M/D FL | 8:04-cv-02507 |
| 4:05-cv-00196-WRW | Danitz v. Wyeth Inc, et al | USDC M/D FL | 8:04-cv-02509 |
| 4:05-cv-00197-WRW | Gutchman v. Wyeth Inc, et al | USDC M/D FL | 8:04-cv-02510 |
| 4:05-cv-00201-WRW | Fowle v. Wyeth Inc, et al | USDC MD FL | 8:04-cv-02535 |
| 4:05-cv-00203-WRW | Costa v. Wyeth Inc, et al | USDC MD FL | 8:04-cv-02599 |
| 4:05-cv-00359-WRW | Shah, et al v. Wyeth Pharmaceutical, et al | USDC CD CA | 2:04-cv-08652 |
| 4:05-cv-00365-WRW | Mackenzie v. Wyeth, et al | USDC ND UT | 1:04-cv-00164 |
| 4:05-cv-00366-WRW | Lynn v. Wyeth, et al | USDC ND AL | 2:04-cv-02465 |
| 4:05-cv-00520-WRW | Reilly v. Wyeth | USDC SD NY | 1:04-cv-10107 |
| 4:05-cv-00521-WRW | Kramer v. Wyeth Inc, et al | USDC SD NY | 1:04-cv-09516 |
| 4:05-cv-00528-WRW | Spravzoff v. Wyeth, et al | USDC ND | 2:04-cv-00151 |
| 4:05-cv-00533-WRW | Harris v. Wyeth Inc, et al | USDC MT | 6:04-cv-00068 |
| 4:05-cv-00548-WRW | Bierfass, et al v. Wyeth, et al | USDC MN | 0:05-cv-00184 |

13

| | | | |
|---|---|---|---|
| 4:05-cv-00553-WRW | McCoy v. Wyeth, et al | USDC MN | 0:05-cv-00009 |
| 4:05-cv-00555-WRW | Falk, et al v. Wyeth, et al | USDC MN | 0:05-cv-00187 |
| 4:05-cv-00556-WRW | Sevilla, et al v. Wyeth Pharm, et al | USDC MN | 0:05-cv-00107 |
| 4:05-cv-00557-WRW | Lehman, et al v. Wyeth, et al | USDC MN | 0:05-cv-00185 |
| 4:05-cv-00554-WRW | Fortner v. Wyeth Inc, et al | USDC MD FL | 3:05-cv-00054 |
| 4:05-cv-00559-WRW | Grimes, et al v. Wyeth Inc, et al | USDC SD OH | 2:04-cv-00401 |
| 4:05-cv-00572-WRW | Slocum v. Wyeth Inc, et al | USDC ND TX | 3:05-cv-00002 |
| 4:05-cv-00577-WRW | Ryan, et al v. Wyeth Inc, et al | USDC WD MO | 2:04-cv-04302 |
| 4:05-cv-00578-WRW | Roberts v. Wyeth Inc, et al | USDC WD MO | 2:04-cv-04318 |